**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                        No. CR 08-2902 JB

LIBRADO FABELA-GUILLEN,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Objections to Presentence Report, filed April 16, 2009 (Doc. 17). The Court held a sentencing hearing on May 4, 2009. The primary issue is whether the Court should sustain Defendant Librado Fabela-Guillen's objection to paragraphs 21 and 22 of the Presentence Investigation Report ("PSR") because there is insufficient evidence to show that Fabela-Guillen committed the crimes set forth therein and was incarcerated for those crimes. Because the United States Probation Office ("USPO") has, since Fabela-Guillen filed his objection, secured additional documentation showing that he committed the crime described in paragraphs 21 and 22, and that he was incarcerated for those crimes, and because the PSR demonstrates that Fabela-Guillen was arrested for the offense listed in paragraph 21 before he committed the second offense, the Court will overrule the objections. Accordingly, Fabela-Guillen's criminal history score, as reflected in the PSR, is 10, and the criminal history category is V.

**PROCEDURAL BACKGROUND**

On February 2, 2009, Luis Zuniga, a United States Probation Officer Assistant, disclosed the PSR for Fabela-Guillen. On page 2 of the facepage, the PSR listed "Pedro Savala" as an alias. In

paragraphs 21 and 22, the PSR states:

|     | Date of Arrest | Conviction/ Court | Date Sentenced/ Disposition | Guideline Section | Point |
| --- | --- | --- | --- | --- | --- |
| 21. | 06/22/97 (Age 22) | Ct. 3 Driving Under the Influence of Alcohol Blood Alcohol Level .01 (Misdemeanors) Circuit Court of Cook County; Ticket No. T-6918658 | 09/13/05 Guilty and sentenced to 60 days jail (16 days credit time served), $25 in court fees | 4A1.1(b) | 2 |

The defendant was represented by counsel regarding this matter. The aforementioned information was obtained from Court computer records received from the Circuit Court of Cook County. Details of the offense were unavailable. The defendant was arrested and charged using the name Librado Fabela with a date of birth of July 5, 1974.

It is noted on September 13, 2005, Count I: Improper Traffic Lane Use, Count 2: Driving Under the Influence of Alcohol (Misdemeanor); Count 4: No Valid Driver's License and Count 5: Operate Uninsured Motorist were all Nolle Prosequi.

|     | Date of Arrest | Conviction/ Court | Date Sentenced/ Disposition | Guideline Section | Point |
| --- | --- | --- | --- | --- | --- |
| 22. | 08/29/05 | Ct. 6: Driving Under the Influence Alcohol Blood Alcohol Level .08 (Misdemeanor); Circuit Court of Cook County; Chicago, Illinois: Ticket No. TG1097 | 09/13/05 Guilty and sentenced to 60 days jail (16 days credit time served), $105 in court fees | 4A1.1(b) | 2 |

The defendant was represented by counsel regarding this matter. The aforementioned information was obtained from Court computer records received from the Circuit Court of Cook County. Details of the offense were unavailable. The defendant was arrested and charged using the name Pedro Savala with a date of birth of July 5, 1974.

It is noted on September 13, 2005, Count 1: Reckless Driving; Count 2: Illegal Transportation of Alcohol; Count 3: Carry Display License Permit; Count 4: Operate Uninsured Motor Vehicle and Count 5: Operate Uninsured Motorist were all Nolle Prosequi.

PSR ¶¶ 21-22, at 5-6.  Fabela-Guillen was thus assessed 4 points for these two DUI's under U.S.S.G. § 4A1.1(b).

Fabela-Guillen's counsel requested all documents pertaining to these 4 points assessed against him to compare both convictions and sentences to determine if the 4 points were merited.  The USPO provided computer printouts to Fabela-Guillen's counsel.  Fabela-Guillen states that these documents show that he was arrested twice for DUI – once on June 22, 1997, and again on August 29, 2005.  Fabela-Guillen states that, apparently, these two cases were consolidated and disposed of on September 13, 2005 pursuant to a plea agreement.

Fabela-Guillen further represents that the paperwork provided to his counsel lacks reference to any sentence for either of the two DUI convictions.  Fabela-Guillen states that Adalinda Urias, Supervising United States Probation Officer, told his counsel over the telephone that the paperwork provided to him was devoid of any information that he was sentenced to incarceration.  Fabela-Guillen further states that Ms. Urias told his counsel that she was told by telephone by one of the court clerks that Fabela-Guillen was sentenced to sixty days in custody.

After the discussions with the United States Probation Officers who prepared the PSR, and who provided documentation regarding Fabela-Guillen's prior criminal convictions and sentences, and pursuant to Chapter 6 of the Federal Sentencing Guidelines Manual (2009 ed.), Fabela-Guillen submitted a statement as to the PSR.  Fabela-Guillen objects to the 2 points assessed against him in paragraph 21 and to the 2 additional points assessed against him in paragraph 21, for a total of 4 points.  Fabela-Guillen states that, because the paperwork is devoid of any evidence of the sentence that he received, he objects to adding these points.  Fabela-Guillen and his counsel request that the Court subtract those 4 points and adjust Fabela-Guillen's criminal-history category downward.

The United States has not filed objections.  The USPO received a copy of Fabela-Guillen's

-3-

objections to the PSR on April 16, 2009. In response to Fabela-Guillen's objections, the USPO obtained documents that it believes support the assessment of the 2 criminal history points in paragraph 21 and the 2 criminal history points in paragraph 22. The USPO attached these new documents to an Addendum to the PSR.

The first document, titled Certified Statement of Disposition, indicates that, on June 22, 1997, a complaint was filed against Librado Fabela, charging him with the offense of "11501A1(DRIVING UNDER THE INFLUENCE/BAC 0.10)." The State of Disposition further states that, on September 13, 2005, the court held a hearing before a judge of the Circuit Court of Cook County and that the court entered the following order:

> PLEA OF GUILTY, JURY WAIVED, FOUND GUILTY
> 60 DAYS COOK COUNTY DEPARTMENT OF CORRECTIONS
> 16 DAYS OF CREDIT[.]

The second document, also titled Certified Statement of Disposition, indicates that, on August 28, 2005, a complaint was filed against Pedro Savala, charging him him with the offense of "11501A2(DRIVING UNDER THE INFLUENCE OF ALCOHOL)." The State of Disposition further states that, on September 13, 2005, the court held a hearing before a judge of the Circuit Court of Cook County and that the court entered the following order:

> PLEA OF GUILTY, JURY WAIVED, FOUND GUILTY
> 60 DAYS COOK COUNTY DEPARTMENT OF CORRECTIONS
> 16 DAYS CREDIT[.]

## RELEVANT CRIMINAL HISTORY CATEGORY

U.S.S.G. § 4A1.1 states, in relevant part: "The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A." Subsection (b) states: "Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a)." U.S.S.G. § 4A1.1(b). Subsection (a) states: "Add 3 points for each prior

sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a).

The Application Note for § 4A1.1(b) indicates that the term "prior sentence" is defined at § 4A1.2(a). U.S.S.G. § 4A1.2(a)(2) states:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; and (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2).

## **ANALYSIS**

Fabela-Guillen, through his attorney, objects to the information contained in paragraphs 21 and 22 of the PSR. Specifically, Fabela-Guillen contends that the Court should remove the history points assessed in these paragraphs because there is no court documentation to support these conclusions. There does not, however, appear any longer to be a dispute that Fabela-Guillen was convicted of both DUI's. The question is whether both are prior offenses. Based on the parties' discussion at the hearing, and based on the Court's independent evaluation of the PSR and of the applicable provisions of the sentencing guidelines, the Court concludes that paragraphs 21 and 21 represent separate offenses.

At the hearing, the Probation Officer informed the Court that, according to the information is the PSR, there was an intervening arrest. See Transcript of Hearing at 7:11-14 (taken May 4, 2009)(Court, Arias)("Tr.").[1] An examination of the PSR corroborates the Probation Officer's

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

representation. Paragraph 21 lists an arrest date of June 22, 1997. See PSR ¶ 21, at 5. Paragraph 22 lists an arrest date as August 29, 2005. See id. ¶ 22, at 6.

U.S.S.G. § 4A1.2(a)(2) states: "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2). In this case, Fabela-Guillen's first DUI arrest came nearly ten years before the second one. Because Fabela-Guillen's first arrest predates the offense listed in paragraph 22, the Court concludes the offenses listed in paragraphs 21 and 22 constitute separate offenses. Fabela-Guillen's counsel agreed with this analysis at the hearing. See Tr. at 8:19-9:2 (Court, Velasquez).[2] Fabela-Guillen's counsel also agreed that the correct course of action would be to overrule the objections to assessing the criminal history points for those two offenses. See id.

Because the Court overrules Fabela-Guillen's objections, Fabela-Guillen's criminal history category is V, as stated in the PSR. Given Fabela-Guillen's offense level, which the plea agreement stipulates is 20, his guideline imprisonment range is 63 to 78 months. In setting the sentence, the Court considers the guidelines sentencing range in addition to other sentencing goals. Specifically,

---

[2] The Court notes that the parties appear to be operating under the assumption that Fabela-Guillen did not commit the offense for which he was arrested on August, 29, 2005, before his arrest in 1997. U.S.S.G. § 4A1.2(a)(2)'s language suggests that a belated arrest might make a difference, given that the language states: "[T]he defendant is arrested for the first offense prior to committing the second offense." U.S.S.G. § 4A1.2(a)(2). Nobody has raised a question regarding whether the date of arrest for the second offense occurred close to or at the time of the commission of the second offense. Given that it was a DUI, the Court believes there is a high probability that the arrest occurred at the time of the offense. In any case, Mr. Fabela-Guillen did not object to the characterization that the parties used at the hearing, nor did he attempt to argue that the PSR was misleading, or that the second offense, for which he was arrested August, 29, 2005, occurred before June 22, 1997. Rather, through his attorney, he agreed that the Court was correctly analyzing the issue and properly treating the offenses as separate because of the intervening arrest. See Tr. at 8:19-9:2 (Court, Velasquez). The Court therefore has no need to decide what impact a belated arrest would have on its analysis.

the Court believes that a sentence of 63 months, which is at the low end of the guidelines sentencing range, reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a).  Furthermore, the Court believes 63 months reflects a reasonable sentence, given that such a sentence, or one similar, was one that the parties contemplated when they entered into their plea agreement.  Finally, the Court is convinced that 63 months is sufficient, without being greater than necessary, to comply with the purposes of the punishment set forth in the Sentencing Reform Act.  For those reasons, and for reasons otherwise stated at the sentencing hearing, the Court imposes a sentence of 63-months imprisonment.

**IT IS ORDERED** that the Defendant's Objections to Presentence Report is overruled.  The Court will assess 4 criminal history points, in agreement with what the United States Probation Services assessed.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
John C. Anderson
  Assistant United States Attorney
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Francisco Velasquez
Albuquerque, New Mexico

        *Attorney for the Defendant*